MARK D. MILLER 116349
(mmiller@sierraiplaw.com)
WILLIAM K. NELSON 279450
(wnelson@sierraiplaw.com)
SIERRA IP LAW, PC
A Professional Corporation
7030 N. Fruit Ave., Suite 110
Fresno, California 93711
Post Office Box 5637
Fresno, California  93755-5637
Telephone:  (559) 436-3800
Facsimile:  (559) 436-4800

Attorneys for Plaintiffs
CABALLEROS, INC.,
SCORPION MEZCAL S.A. DE C.V., and
DOUGLAS KOHLBERG FRENCH.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION – Los Angeles

* * *

| | |
|---|---|
| CABALLEROS, INC., a Virginia Corporation, SCORPION MEZCAL S.A. DE C.V., a Mexico Corporation, and DOUGLAS KOHLBERG FRENCH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CENTRURO, S.A.P.I. DE C.V., a Mexico Corporation, and DOES 1 through 10, inclusive. <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs CABALLEROS, INC., SCORPION MEZCAL S.A. DE C.V., and DOUGLAS KOHLBERG FRENCH, for their complaint against Defendants CENTRURO, S.A.P.I. DE C.V., a corporation organized and existing under the laws of Mexico, and DOES 1 through 10, hereby alleges as follows:

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

# THE PARTIES

1.     Plaintiff, CABALLEROS, INC. ("CABALLEROS"), is a corporation organized and existing under the laws of the state of Nevada, located at 2911 Hunter Mill Rd, Suite 303, Oakton, Virginia 22124-0000.

2.     Plaintiff, SCORPION MEZCAL S.A. DE C.V., is a corporation organized and existing under the laws of Mexico having an address of Calle Piru 610 San Agustin de las Juntas, Oaxaca, Mexico 71260.

3.     Plaintiff DOUGLAS KOHLBERG FRENCH ("FRENCH") is an individual and a citizen of the United States of America, and a resident of Oaxaca, Mexico.

4.     Defendant CENTRURO, S.A.P.I. DE C.V. ("CENTRURO"), on information and belief, is corporation organized and existing under the laws of Mexico having an address at Popocatepetl #11 - Primer Piso, Colonia Hipodromo, 06100, Mexico and is conducting business in the Central District of California.

5.     Plaintiffs are presently unaware of the true names and capacities of the defendants identified herein under the fictitious names DOES 1 through 10. On information and belief, DOES 1 through 10 are responsible in some manner for the occurrences herein alleged, and Plaintiffs' damages as herein alleged were proximately caused by those defendants. Plaintiffs will amend this Complaint to identify the names and capacities of the DOE defendants when ascertained.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA  93755-5637

2

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

## **JURISDICTION AND VENUE**

6.      This is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and under the statutory and common law of the State of California. Subject matter jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). This court has pendant jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

7.      This Court has supplemental jurisdiction over Plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiffs' federal claims and arise from a common nucleus of operative facts such that the administration of Plaintiffs' state law claims with its federal claims furthers the interest of judicial economy.

8.      This Court has personal jurisdiction over Defendant CENTRURO because it conducts business in the State of California giving rise to the presently asserted claims of trade mark infringement, false designation of origin, and unfair competition under Cal. Code Civ. Proc § 410.10. Alternatively, this Court has personal jurisdiction over CENTRURO under Federal Rule of Civil Procedure 4(k)(2).

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that Defendants have committed a significant number of the offending acts in this judicial district.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA 93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

## FACTS COMMON TO ALL COUNTS

10.     This is an action for damages and injunctive relief resulting from the infringement of Plaintiff's trademark, false designation of origin, and unfair competition, pursuant to 15 U.S.C. § 1051, et seq., California Business & Professions Code §§ 17000, et seq., California Business & Professions Code §§ 17200, et seq., and the common law.

11.     SCORPION MEZCAL S.A. DE C.V. is a Mexican company that produces distilled spirits including mezcal (an alcoholic beverage that is similar to tequila), which are sold in the United States. SCORPION MEZCAL S.A. DE C.V. is a licensee of the trademarks owned by FRENCH described more fully below.

12.     CABALLEROS is a Nevada corporation operating in Virginia that markets and establishes distributorships for the distilled spirits made by SCORPION MEZCAL S.A. DE C.V. and sold in United States.  CABALLEROS is a licensee of the trademarks owned by FRENCH described more fully below.

13.     Through its licensees, FRENCH has been using the SCORPION MEZCAL word mark in the United States in connection with the sale of mezcal and corresponding marketing materials since 2000. Through its licensees, FRENCH has used the stylized SCORPION logo (the "SCORPION LOGO") shown below in connection with the sale of distilled spirits and corresponding marketing materials since 2001:

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL



14.     FRENCH owns an incontestable federal trademark registration for the word mark SCORPION MEZCAL covering alcoholic beverages, namely, mezcal (US Registration No. 3841502 – "the '502 Registration"). A copy of the Registration Certificate for SCORPION MEZCAL is attached hereto as Exhibit A and incorporated herein by this reference. FRENCH also owns an incontestable federal trademark registration for the SCORPION LOGO illustrated in paragraph 12 above covering alcoholic beverages, namely, distilled spirits (US Registration No. 4340359 – "the '3592 Registration"). A copy of the Registration Certificate for the SCORPION LOGO is attached hereto as Exhibit B and incorporated herein by this reference. FRENCH also owns a federal trademark registration for the word mark ESCORPION covering alcoholic beverages, namely, mezcal (US Registration No. 5120883 – "the '883 Registration"). A copy of the Registration Certificate for ESCORPION is attached hereto as Exhibit C and incorporated

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

5

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

herein by this reference. The SCORPION MEZCAL word mark, the SCORPION LOGO and the ESCORPION word mark are inherently distinctive and have each acquired a strong secondary meaning in the mind of the public in connection with high quality alcoholic beverages.

15.     Since the first uses of the SCORPION MEZCAL word mark, the SCORPION LOGO and the ESCORPION word mark, FRENCH, through licensees, has steadily expanded his business, importing distilled spirits into the US through third party importers.  CABALLEROS promotes the distilled spirits sold under the SCORPION word mark and SCORPION LOGO throughout the US through advertisements and trade shows, and establishes distributor relationships for the distilled spirits. FRENCH, and his affiliated company, CABALLEROS have expended years of time and effort in promoting the SCORPION word mark and SCORPION LOGO in connection with distilled spirits through print advertisements, trade shows, and on the internet through the websites https://scorpion.liquorstorefront.com/ and https://www.scorpionmezcal.com/.

16.     Through licensees, FRENCH is also using the trademark ALACRAN in commerce in connection with distilled spirits. FRENCH has recently established sales of distilled spirits under the ALACRAN word mark in the US.  FRENCH is the holder of common law rights in the ALACRAN word mark by virtue of use of this mark in commerce in connection with distilled spirits. FRENCH also has an allowed federal trademark application for ALACRAN for use in connection with

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA  93755-5637

6

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

*distilled blue agave liquor; mescal; rum; and whiskey* (US Trademark Application No. 87635679 filed on October 17, 2017 – "the '679 Application"), and has filed a statement of use therein to advance the allowed application to a federal registration. A copy of the file history for the '679 Application is attached hereto as Exhibit D and incorporated herein by this reference.

17. As a result of substantial development, marketing and advertising expenditures, and many years of continuous and extensive use of the SCORPION MEZCAL, SCORPION LOGO, and ESCORPIOIN word mark, FRENCH has, through licensees, developed strong national recognition of and goodwill in these marks, which is of great importance and value to FRENCH. Through licensees, FRENCH is also building brand recognition and strong rights in the related ALACRAN mark.

**Infringement of the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks by CENTRURO**

18. In 2020, FRENCH learned that CENTRURO had begun selling distilled spirits in California under the mark ALACRAN. In January 2020, CENTRURO filed a complaint against FRENCH and CABALLEROS in the U.S. District Court for the Eastern District of California (Case No. 1:20-cv-00078-DAD-EPG) seeking (1) a declaratory judgment that CENTRURO's use of the ALACRAN mark does not constitute infringement of FRENCH's SCORPION

LAW OFFICES
Sierra IP Law, PC
A Professional Corporation
7030 North Fruit Avenue
Suite 110
P. O. Box 5637
Fresno, CA 93755-5637

7

MEZCAL and SCORPION LOGO marks, (2) cancellation of the '359, '502, and '883 Registrations, and (3) "denial of Federal Registration of Marks in USPTO Application Serial No. 87635679" ("the Eastern District Case"). In paragraph 7 of CENTRURO's complaint in the Eastern District Case, CENTRURO alleged and admitted that: "Centruro manufactures ALACRAN Mezcal and Tequila. Centruro markets ALACRAN Mezcal and Tequila throughout the United States including Los Angeles County, California".

19.     In paragraph 8 of the CENTRURO's complaint filed in the Easter District Case, CENTRURO alleged that "[French] and Caballeros sell to their exclusive distributor, Pacific Edge Sales (the headquarters of which is in Los Angeles County), which then distributes to licensed retailers throughout the United States including in Los Angeles".  Thus, as of January 2020, CENTRURO was aware and believed that FRENCH's distilled spirits were being sold under the SCORPION MEZCAL and SCORPION LOGO marks in California at the time CENTRURO entered the California market and began selling distilled spirits under the ALACRAN product.

20.     In paragraph 17 of the complaint filed in the Eastern District Case, CENTRURO recognized that the Spanish word "alacran" is the foreign equivalent of "scorpion", stating:  "Centruro's ALACRAN Tequila and Mezcal products use the word "Alacran" which is the foreign equivalent in Spanish of "Scorpion" and have a scorpion logo on the front label on the bottle".

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

21.    In paragraph 18 of the complaint filed in the Eastern District Case, CENTRURO alleged that it had recently entered the California market with distilled spirits sold under the ALACRAN mark, stating:  "… the ALACRAN brand grew rapidly and outsold SCORPION by far in many markets including New York, Florida and is now in California and Los Angeles in particular".

22.    The ALACRAN mark used by CENTRURO on its distilled spirits products is confusingly similar to FRENCH's SCORPION MEZCAL word mark, SCORPION LOGO, ESCORPION word mark and ALACRAN word mark because the word "ALACRAN" is the foreign equivalent of SCORPION and is thus confusingly similar to the SCORPION MEZCAL, SCORPION LOGO and ESCORPION marks when used in connection with distilled spirits.  The US Patent and Trademark Office has rejected CENTRURO's applications to register the word mark ALACRAN and CENTRURO'S corresponding ALACRAN logo multiple times, each time indicating that the ALACRAN mark is confusingly similar to the SCORPION MEZCAL and SCORPION LOGO marks.  The ALACRAN logo is shown below:



LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

23.     CENTRURO filed an application to register its ALACRAN mark (Serial No. 77946053, the "'053 Application") with the United States Patent and Trademark Office ("USPTO") on February 26, 2010, filing in International Class 33 for "alcoholic beverages except beers; distilled blue agave liquor."  The USPTO issued a final Office Action in the '053 Application on February 23, 2018, rejecting CENTRURO's attempt to register the ALACRAN mark under 15 U.S.C. 1052(d) because it was found to be confusingly similar to FRENCH's SCORPION MEZCAL and SCORPION LOGO marks.  A copy of the final Office Action in the '053 Application acquired from the USPTO Trademark Status & Document Retrieval system ("TSDR") is attached hereto as Exhibit E.

24.     On August 23, 2018, CENTRURO appealed the rejection of the '053 Application to the USPTO Trademark Trial and Appeals Board ("TTAB"), which affirmed the rejection on June 10, 2019.  A copy of the TTAB's decision is attached hereto as Exhibit F.  The TTAB affirmed the rejection of the '053 Application finding that "the marks at issue are identical in meaning or connotation based on the application of the doctrine of foreign equivalents; that Applicant's identified goods are legally identical in part to Registrant's goods; that the goods are presumed to move in similar or overlapping trade channels and that they would be offered to the same or overlapping classes of purchasers, we conclude that Applicant's ALACRAN mark, as used in connection with the goods identified in its involved application, so resembles the cited marks SCORPION MEZCAL and

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

SCORPION and design as to be likely to cause confusion or mistake, or to deceive under Section 2(d) of the Trademark Act" (see page 14 of Exhibit F).

25.     Similarly, CENTRURO filed an application for the ALACRAN logo (Serial No. 77945793, the "'793 Application") in International Class 33 for "alcoholic beverages except beers; distilled blue agave liquor" featuring the wording "EL AUTÉNTICO TEQUILA ALACRÁN 100% AGAVE." As with the ALACRAN mark, CENTRURO's attempt to register the ALACRAN logo was refused because the USPTO found the ALACRAN logo to be confusingly similar to the SCORPION MEZCAL and SCORPION LOGO marks.  The USPTO issued a final Office Action in the '793 Application on September 25, 2018, rejecting CENTRURO's attempt to register the ALACRAN mark under 15 U.S.C. 1052(d) because it was found to be confusingly similar to FRENCH's SCORPION MEZCAL and SCORPION LOGO.   CENTRURO abandoned the '793 Application, and a Notice of Abandonment was issued by the USPTO on May 2, 2019.  A copy of the final Office Action in the '793 Application acquired from the TSDR is attached hereto as Exhibit G.

26.     The USPTO has stated repeatedly on public record that the ALACRAN mark is confusingly similar to FRENCH's SCORPION MEZCAL and SCORPION LOGO marks.  Yet CENTRURO persists in its efforts to market and sell distilled spirits under the infringing ALACRAN and ALACRAN logo marks.

27.     On information and belief, CENTRURO has been aware FRENCH's

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

11
COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

intended use of the mark ALACRAN since in or around the October 17, 2017, the filing date of FRENCH'S '679 Application for ALACRAN. CENTRURO's use of the ALACRAN mark on distilled spirits is an infringement of FRENCH's common law trademark rights in the ALACRAN mark, and its federal trademark rights which will be retroactive to 2017 when the '679 Application is registered.

28. Adding to the consumer confusion between the source of CENTRURO's ALACRAN product is its use of the ALACRAN logo shown above in the trade dress of its tequila and mezcal products, which features a scorpion. On information and belief, CENTRURO is selling distilled spirits in California and other areas of the US with the ALACRAN logo featured thereon. On information and belief, the ALACRAN logo adds to consumer confusion as to the source of CENTRURO's distilled spirits due to the close similarities of the combination of the ALACRAN word mark with a scorpion graphic to FRENCH's SCORPION LOGO.

29. On information and belief, CENTRURO is using the ALACRAN mark in commerce to appropriate the significant value and goodwill associated with FRENCH's SCORPION MEZCAL, SCORPION LOGO and ESCORPION marks for distilled spirits due to the extensive and long-time use of these marks. CENTRURO'S use of ALACRAN on distilled spirits has caused and will continue to cause confusion as to the source of the goods and services it offers. CENTRURO'S use of ALACRAN on distilled spirits has caused and will very

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

likely continue to cause consumers, suppliers, distributors and others to wrongly believe that CENTRURO's products are associated with, affiliated with, or sponsored by Plaintiffs.

30.     On information and belief, Defendants are intentionally creating confusion between its distilled spirits under the ALACRAN mark and the SCORPION MEZCAL, SCORPION LOGO and ESCORPION marks.  Plaintiffs are informed and believe, and thereon allege, that CENTRURO's use of the ALACRAN mark is a knowing and willful attempt to trade on the goodwill created by the SCORPION MEZCAL word mark, the SCORPION LOGO and the ESCORPION word marks.  Defendants' use of the ALACRAN mark in commerce in connection with providing distilled spirits is likely to cause confusion, mistake, or deception among consumers as to the source, quality, and nature of Defendants' goods.

## COUNT 1

## SERVICE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER LANHAM ACT § 43

### (15 U.S.C. §1125(a))

31.     Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 30, inclusive, above as though the same were fully set forth herein.

32.     Defendants' use of the ALACRAN and ALACRAN logo marks as

LAW OFFICES
Sierra IP Law, PC
A Professional Corporation
7030 North Fruit Avenue
Suite 110
P. O. Box 5637
Fresno, CA  93755-5637

alleged herein, without Plaintiff's consent, constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' trademark infringement, false designation of origin, and unfair competition are likely to cause confusion, or cause mistake, or to deceive the public as to the source, quality and nature of Defendants' goods.

33.    On information and belief, Defendants have offered for sale and sold distilled spirits under the ALACRAN mark in California and in the Central District of California with full knowledge of Plaintiffs' ownership and use of the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks, and with full knowledge of the consumer's recognition and association of the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks with Plaintiffs' distilled spirits, for the purpose of trading upon the goodwill associated with Plaintiffs' SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks, and to obtain recognition of and demand for Defendants' rival distilled spirits that they otherwise would not have had.

34.    Defendants' unauthorized use of the ALACRAN mark has caused confusion, mistake, and deception in the mind of the purchasing public and, thus, constitutes infringement of Plaintiff's rights, all in violation of 15 U.S.C. § 1125(a).

35.    The issue of whether Defendants' use of the ALACRAN mark in

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA 93755-5637

14

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

commerce in connection with "alcoholic beverages except beers" is likely to cause confusion, mistake, or to deceive the source of the Plaintiff's distilled spirits sold under the SCORPION MEZCAL and SCORPION LOGO marks has previously been adjudicated by the TTAB and under the doctrine of collateral estoppel (issue preclusion), this issue cannot be relitigated.  CENTRURO previously litigated this issue before the TTAB with a full and fair opportunity to conduct the litigation as it was an *ex parte* appeal before the TTAB filed by CENTRURO, and the TTAB's decision to confirm the refusal of '053 Application was based exclusively on the likelihood of confusion issue.  Issue preclusion applies "in the context of a different claim" barring "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155, 168 (2008) (quoting *New Hampshire v. Maine*, 121 S. Ct. 1808, 149 L. Ed. 2d 968. (2001)).

36.     Thus, CENTRURO should be precluded from relitigating the decision of the TTAB on the issue of likelihood of confusion and this Court should find that Defendants' use of the ALACRAN mark in commerce in connection with its distilled spirits products is likely to cause confusion, mistake, or to deceive the source of the Plaintiff's distilled spirits sold under the SCORPION MEZCAL and SCORPION LOGO marks.  *B&B Hardware, Inc. v. Hargis Indus.*, 135 S. Ct. 1293, 1310, 191 L. Ed. 2d 222, 242 (2015) (So long as the other ordinary elements

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. BOX 5637
FRESNO, CA  93755-5637

of issue preclusion are met, when the usages adjudicated by the TTAB are materially the same as those before the district court, issue preclusion should apply).

37.     Plaintiff is entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of false designation of origin.

38.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of its acts of service mark infringement, false designation of origin and unfair competition.

39.     On information and belief, Defendants' acts of infringement are deliberate and willful, Plaintiff is entitled to an award of enhanced damages and profits under 15 U.S.C. § 1117.  CENTRURO is expanding its infringing use of the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks in this District and others with full knowledge of Plaintiffs' senior rights in its SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks, with the intention to usurp Plaintiffs' rights.

40.     Defendants' aforesaid acts are greatly and irreparably harming to

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

Plaintiffs and will continue to harm Plaintiffs unless restrained by this Court, and, therefore, Plaintiffs are without an adequate remedy at law.

41.    CENTRURO is expanding its infringing use of the ALACRAN mark in this district and others with full knowledge of Plaintiffs' senior rights in its SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks, with the intention to usurp Plaintiffs' rights.

42.    Plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting CENTRURO from using the ALACRAN mark and any other trade name, trademark, or domain name that is likely to be confused with the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks.

## COUNT 2

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32

## (15 U.S.C. § 1114)

43.    Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 42, inclusive, above as though the same were fully set forth herein.

44.    On information and belief, Defendants began using the ALACRAN mark in California and in this District with full knowledge of Plaintiff's common law trademark rights in the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks for the purpose of trading upon the goodwill

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

associated with Plaintiffs' marks, and to obtain recognition and demand for its distilled spirits that it otherwise would not have had.

45.    Defendants' unauthorized use of the ALACRAN mark has caused confusion and mistake in the mind of the purchasing public and, thus, constitutes infringement of Plaintiffs' rights in violation of 15 U.S.C. § 1114(1).

46.    CENTRURO has actual and constructive notice of FRENCH's senior rights in the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks. On information and belief, Defendants' acts of infringement are deliberate and willful.  On information and belief, CENTRURO is expanding its infringing use of the ALACRAN mark in this district and others with full knowledge of Plaintiffs' senior rights in its SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks, with the intention to usurp Plaintiff's rights.

47.    Plaintiffs are entitled to recover from Defendants the actual damages that they sustained and/or are likely to sustain as a result of Defendants' wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of trademark infringement.

48.    Plaintiffs are further entitled to recover from defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the gains, profits,

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

18

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

and advantages that defendants have realized by reason of their acts of service mark infringement.

49.     Defendants' aforesaid acts are greatly and irreparably harming to Plaintiffs and will continue to harm Plaintiffs unless restrained by this Court, and, therefore, Plaintiffs are without an adequate remedy at law.

50.     Plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting CENTRURO from using the ALACRAN mark and any other trade name, trademark, or domain name that is likely to be confused with the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks.

## COUNT 3

## SERVICE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER LANHAM ACT § 43

### (15 U.S.C. §1125(b))

51.     Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 50, inclusive, above as though the same were fully set forth herein.

52.     On information and belief, Defendants are importing distilled spirits from Mexico under the trademark ALACRAN into the U.S. and this district, and began using the ALACRAN mark in California and in this District with full knowledge of Plaintiff's trademark rights in the SCORPION MEZCAL,

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

SCORPION LOGO, ESCORPION, and ALACRAN marks for the purpose of trading upon the goodwill associated with Plaintiffs' marks, and to obtain recognition and demand for its distilled spirits that it otherwise would not have had.

53.     Defendants' unauthorized use of the ALACRAN mark has caused confusion and mistake in the mind of the purchasing public and, thus, constitutes infringement of Plaintiffs' rights and a violation of in violation of 15 U.S.C. §1125(b).

54.     CENTRURO has actual and constructive notice of FRENCH's senior rights in the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks. On information and belief, Defendants' acts of infringement are deliberate and willful.  On information and belief, CENTRURO is expanding its infringing use of the ALACRAN mark in this district and others with full knowledge of Plaintiffs' senior rights in its SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks, with the intention to usurp Plaintiff's rights.

55.     Plaintiffs are entitled to recover from Defendants the actual damages that they sustained and/or is likely to sustain as a result of Defendants' wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of trademark infringement.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

20

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

56.     Plaintiffs are further entitled to recover from defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages that defendants have realized by reason of their acts of service mark infringement.

57.     Defendants' aforesaid acts are greatly and irreparably harming to Plaintiffs and will continue to harm Plaintiffs unless restrained by this Court, and, therefore, Plaintiffs are without an adequate remedy at law.

58.     Plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting CENTRURO from using the ALACRAN mark and any other trade name, trademark, or domain name that is likely to be confused with the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks.

**COUNT 4**

**INFRINGEMENT OF TRADEMARK AND UNFAIR COMPETITION**

**UNDER COMMON LAW**

59.     Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 58, inclusive, above as though the same were fully set forth herein.

60.     On information and belief, Defendants began using the ALACRAN mark in California and in this District with full knowledge of Plaintiff's common

LAW OFFICES
Sierra IP Law, PC
A Professional Corporation
7030 North Fruit Avenue
Suite 110
P. O. Box 5637
Fresno, CA 93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

law trademark rights in the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks for the purpose of trading upon the goodwill associated with Plaintiffs' marks, and to obtain recognition and demand for its distilled spirits that it otherwise would not have had.

61.    Defendants' unauthorized use of the ALACRAN mark has caused confusion and mistake in the mind of the purchasing public and, thus, constitutes infringement of Plaintiffs' rights, all in violation of the common law. On information and belief, Defendants' acts of infringement are deliberate and willful. On information and belief, CENTRURO is expanding its infringing use of the ALACRAN mark in this district and others with full knowledge of Plaintiffs' senior rights in its SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks, with the intention to usurp Plaintiff's rights.

62.    Plaintiffs are entitled to recover from Defendants the actual damages that they sustained and/or is likely to sustain as a result of Defendants' wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendants' acts of service mark and trade name infringement.

63.    Plaintiffs are further entitled to recover from defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the gains, profits, and advantages that defendants have realized by reason of their acts of service

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

22

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

mark infringement.

64.    Defendants' aforesaid acts are greatly and irreparably harming to Plaintiffs and will continue to harm Plaintiffs unless restrained by this Court, and, therefore, Plaintiffs are without an adequate remedy at law.

65.    Plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting CENTRURO from using the ALACRAN mark and any other trade name, trademark, or domain name that is likely to be confused with the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks.

## COUNT 5

## UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES

### (California Business & Professions Code sections 17000, et seq. and 17200 et seq.)

66.    Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 65, inclusive, above as though the same were fully set forth herein.

67.    Defendants' unlawful conduct, including use of Plaintiffs' SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks and goodwill for its own benefit, to the likely confusion of the public, constitutes unfair competition under California Business & Professions Code sections 17000, et seq. and 17200, et seq. and entitles Plaintiffs to such relief as set

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

forth in those statutes.  On information and belief, Defendants' aforesaid acts are deliberate and willful. On information and belief, Defendants are expanding the infringing use of the ALACRAN mark in California, in this district, and other areas of the U.S. with full knowledge of Plaintiffs' senior rights in his SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks, with the intention to usurp Plaintiffs' rights.

68.    By reason of defendants' misconduct, Defendants have been unjustly enriched at the expense of Plaintiffs in a substantial sum, and Plaintiffs are entitled to the restitution of said sum which is as yet unknown to them.  In addition, Plaintiffs are entitled to disgorgement of Defendants' ill-gotten gains in order to prevent further acts of unfair competition.

69.    Defendants' aforesaid acts are greatly and irreparably harming to Plaintiffs and will continue to harm Plaintiffs unless restrained by this Court, and, therefore, Plaintiffs are without an adequate remedy at law.

### COUNT 6

### <u>UNJUST ENRICHMENT UNDER COMMON LAW</u>

70.    Plaintiffs repeat, reallege, and incorporate by reference paragraphs 1 through 69, inclusive, above as though the same were fully set forth herein.

71.    By virtue of Defendants' wrongful acts described above, Defendants have been unjustly enriched in an amount to be proven at trial.

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA 93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

72.     Defendants' retention of monies gained through its deceptive business practices, infringements, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this court enter judgment in their favor and grant the following alternative and cumulative relief:

1.     For an order that Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2.     For an order that Defendants have violated Section 43(b) of the Lanham Act, 15 U.S.C. § 1125(b).

3.     For an order that Defendants' violation of Section 43(a) of the Lanham Act was willful pursuant to 15 U.S.C. § 1117.

4.     For an order that this is an exceptional case entitling Plaintiffs to recover their reasonable attorney fees and costs pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 and Federal Rules of Civil Procedure 54(d).

5.     For a preliminary and permanent injunction against Defendants, their agents, servants, employees, representatives, and attorneys, and all other persons in active concert or participation with it enjoining and restraining them from:

(a) Using the mark ALACRAN mark alone or in combination with other terms or designs, or using any reproduction, copy, or colorable imitation

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

25

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

or variation of the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks on or in connection with the advertising, distribution, sale, or offering for sale of any products or services;

(b) Importing products with which the ALACRAN mark alone or in combination with other terms or designs, or using any reproduction, copy, or colorable imitation or variation of the SCORPION MEZCAL, SCORPION LOGO, ESCORPION, and ALACRAN marks is associated;

(c) Representing or suggesting in any manner that Defendants are affiliated, connected or associated with Plaintiffs; and

(d) Performing any other acts that are likely to lead the public to believe that services or products provided by Defendants are in any manner licensed, sponsored, approved or authorized by Plaintiffs;

6.      For an order that Defendants cease all acts of trademark infringement, unfair competition, and deceptive trade practices;

7.      For an order that Defendants be required to account to Plaintiffs for all profits and damages resulting from Defendants' unlawful activities;

8.      For an order that defendants disgorge ill-gotten gains resulting from their unlawful activities and restitution of Defendants' ill-gotten gains to Plaintiffs.

9.      For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully

LAW OFFICES
Sierra IP Law, PC
A PROFESSIONAL CORPORATION
7030 NORTH FRUIT AVENUE
SUITE 110
P. O. Box 5637
FRESNO, CA  93755-5637

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL

belong to Plaintiffs.

10.     For such other and further relief as the court deems just and equitable.

Dated:  October 25, 2021

SIERRA IP LAW, PC
A Professional Corporation

By ___/s/ William K. Nelson___
    William K. Nelson
    Attorneys for Plaintiffs,
    CABALLEROS, INC.
    SCORPION MEZCAL S.A. DE C.V
    DOUGLAS KOHLBERG FRENCH

LAW OFFICES
Sierra IP Law, PC
A Professional Corporation
7030 North Fruit Avenue
Suite 110
P. O. Box 5637
Fresno, CA  93755-5637

27

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff hereby demands a trial by jury on all issues so triable.


Dated:  October 25, 2021

SIERRA IP LAW, PC
A Professional Corporation


By    /s/William K. Nelson
William K. Nelson
Attorneys for Plaintiffs,
CABALLEROS, INC.
SCORPION MEZCAL S.A. DE C.V.
DOUGLAS KOHLBERG FRENCH

LAW OFFICES
Sierra IP Law, PC
A Professional Corporation
7030 North Fruit Avenue
Suite 110
P. O. Box 5637
Fresno, CA  93755-5637

28

COMPLAINT FOR TRADE MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION;
DEMAND FOR JURY TRIAL