O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CABALLEROS, INC., A VIRGINIA CORPORATION, SCORPION MEZCAL S.A. DE C.V., A MEXICO CORPORATION, AND DOUGLAS KOHLBERG FRENCH, AN INDIVIDUAL,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRURO, S.A.P.I. DE C.V., A MEXICO CORPORATION; LA BOTELLA NEGRA, S.A.P.I. DE C.V., A MEXICO CORPORATION; ERNESTO CARLOS IBARRA HENKEL, AN INDIVIDUAL,<br><br>Defendant. | Case No.: 2:21-cv-08442-MEMF-PVC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [ECF NOS. 57, 58]** |

For the reasons discussed below, Defendants Centruro, S.A.P.I. DE C.V. and La Botella Negra, S.A.P.I. DE C.V.'s Motions to Dismiss (ECF Nos. 57, 58) are GRANTED.

/ / /

/ / /

1

**BACKGROUND**

I. **Factual Allegations**[1]

Plaintiff Scorpion Mezcal S.A. DE C.V. ("Scorpion") is a Mexican company that produces distilled spirits, including mezcal (an alcoholic beverage similar to tequila), which are sold in the United States. FAC ¶ 15. Plaintiff Caballeros, Inc. ("Caballeros") markets and establishes distributorships for the distilled spirits made by Scorpion. *Id.* ¶ 16. Plaintiff Douglas Kohlberg French ("French") owns federal trademark registrations for the word mark "Scorpion Mezcal," the Scorpion Logo, and the word marks for "Escorpion" and "Alacran."[2] *Id.* ¶ 18, Exs. A–D. Both Scorpion and Caballeros are licensees of the trademarks owned by French. *Id.* ¶¶ 15–16.

In 2020, French learned that Defendant Centruro, S.A.P.I. DE C.V. ("Centruro") had begun selling distilled spirits in California under the mark "Alacran." *Id.* ¶ 22. Centruro sought a declaratory judgment that its use of the "Alacran" mark did not constitute infringement of French's "Scorpion Mezcal" and Scorpion Logo marks and cancellation and related relief in January 2020. *Id.* The United States Patent and Trademark Office ("USPTO") has rejected Centruro's applications to register the word mark "Alacran" and corresponding logo multiple times, indicating that the mark is confusingly similar to the "Scorpion Mezcal" and Scorpion Logo marks. *Id.* ¶ 27.

Individual Defendant Ernesto Carlos Ibarra Henkel ("Henkel") is the owner of 25% of the shares of Centruro. *Id.* ¶ 32. On September 9, 2022, Centruro transferred all of its rights, title, and interest in and to eight trademarks to Defendant La Botella Negra ("LBN"), including several versions of the mark "Alacran." *Id.* ¶ 33. Defendants continue to use the "Alacran" mark in commerce to appropriate the value and goodwill associated with French's marks for distilled spirits, and cause confusion to consumers as to the source of the products. *Id.* ¶ 44–45.

///

---

[1] The following is derived from the allegations in Plaintiffs' First Amended Complaint, ECF No. 35 ("FAC"), and is only included as background.

[2] The English translation of "Alacran" is "Scorpion." *Id.* Although the current registration for "Alacran" only covers whiskey, French has recently established sales of distilled spirits under the Alacran word mark and has an application for its use in connection with distilled liquor and mescal. *Id.* ¶¶ 18, 20.

## II.     Procedural History

On October 25, 2021, Plaintiffs filed their Complaint against Centuro only. ECF No. 1. On March 29, 2023, Plaintiffs filed a First Amended Complaint against Centuro, LBN, and Henkel, alleging causes of action for: (1) service mark infringement, false designation of origin, and unfair competition under the Lanham Act § 43, 15 U.S.C. § 1125(a); (2) trademark infringement under the Lanham Act § 32, 15 U.S.C. § 1114; (3) service mark infringement, false designation of origin, and unfair competition under the Lanham Act § 43, 15 U.S.C. § 1125(b); (4) infringement of trademark and unfair competition under common law; (5) unfair competition under California Business and Professions Code Section 17200, *et seq.*; and (6) unjust enrichment under common law. *See* FAC.

On March 29, 2024, LBN filed its Motion to Dismiss, and an accompanying Request for Judicial Notice. ECF Nos. 57 ("LBN MTD"), 59 ("LBN RJN"). On June 27, 2024, Plaintiffs filed their opposition and an accompanying Request for Judicial Notice. ECF Nos. 63 ("LBN Opp."), 64 ("Pl. RJN"). Plaintiffs also filed objections to the Declaration of Venancio Zaragoza-Gutierrez in support of the LBN MTD and the LBN RJN. ECF Nos. 65, 66. On July 9, 2024, LBN filed its reply, and a supplemental Request for Judicial Notice. ECF Nos. 79 ("LBN Reply"), 80 ("Supp. RJN"). LBN also responded to Plaintiffs' objections. ECF Nos. 81, 82.

On March 28, 2024, Centruro filed its Motion to Dismiss, and an accompanying Request for Judicial Notice. ECF Nos. 58 ("Centruro MTD"), 59 ("Centruro RJN"). On June 27, 2024, Plaintiffs filed their opposition and an accompanying Request for Judicial Notice. ECF Nos. 68 ("Centruro Opp."); 69 ("Pl. RJN").[3] Plaintiff also filed objections to the Declaration of Ernesto Carlos Ibarra Henkel in support of the Centruro MTD and the Centruro RJN. ECF Nos. 70, 71. On July 9, 2024, Centruro filed its reply, and a supplemental Request for Judicial Notice. ECF Nos. 83 ("Centruro Reply"), 84 ("Supp. RJN").[4] Centruro also responded to Plaintiffs' objections. ECF Nos. 85, 86. On August 27, 2024, Plaintiffs filed a notice of letter from the USPTO. ECF No. 89.

---

[3] The Court notes that Plaintiffs' Request for Judicial Notice is identical to the one filed at ECF No. 64 accompanying the LBN Opp., and accordingly addresses the two Requests together.

[4] The Court notes that Centruro's Supplemental Request for Judicial Notice is identical to LBN's Supplemental Request for Judicial Notice, and accordingly addresses the two Requests together.

**REQUESTS FOR JUDICIAL NOTICE (ECF NOS. 59, 60, 64, 69, 80, 84)**

### I. Applicable Law

A court may judicially notice facts that: "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this standard, courts may judicially notice "undisputed matters of public record," but generally may not notice "disputed facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

On a motion to dismiss, courts are generally prohibited from "consider[ing] any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee*, 250 F.3d at 688). Courts generally only consider the complaint and other materials "submitted with and attached to the Complaint." *Id.* at 999. Documents not attached to the complaint—including documents that might otherwise be subject to judicial notice—may only be considered if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

### II. Discussion

The Court first summarizes the requests from the parties, which are all made under Rule of Evidence 201 as facts that are not subject to reasonable dispute.

Centruro requests the Court take judicial notice of four website printouts. *See* Centruro RJN. The first three are website printouts related to Centruro's distributor, and the last is a printout from the USPTO site. Plaintiffs only object to the first three exhibits to the extent that they are judicially noticed for more than the fact that they exist, but agree that the printouts are "capable of accurate and ready determination." ECF No. 71 at 2.

LBN requests the Court take judicial notice of six website printouts related to websites offering its products for sale. *See* LBN RJN. Plaintiffs agree that the printouts are "capable of accurate and ready determination," but note that they are only judicially noticeable for the fact that they exist, and not for any other purpose. ECF No. 66 at 2.

Plaintiffs submit two requests for the Court to take judicial notice of two certificate of registrations from the USPTO as well as two filings from *San Antonio Winery, Inc. v. Jiaxing Micarose Trade Co., Ltd.*, Case No. 2:20-cv-09663-GW-KS. *See* Pl. RJN. Neither Centruro nor LBN object.

Both LBN and Centruro also request the Court to take judicial notice of a declaration submitted by French in a prior lawsuit. *See* Supp. RJN. Plaintiffs do not object.

The Court notes that no party appears to question the authenticity of any of the above documents. Moreover, they appear to be relevant to the activities of Centruro's distributor and other retailers in the selling and marketing of the products at issue, to the prior lawsuit referenced in the FAC, or to issues relevant to the motions. Accordingly, the Court GRANTS the parties' requests for judicial notice and takes judicial notice of all requested documents solely for their existence.

## **DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 57, 58)**

### I. **Applicable Law**

A defendant can move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2). The party asserting the existence of jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). If the court does not require an evidentiary hearing, a plaintiff "need only make a prima facie showing of the jurisdictional facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (internal quotation marks omitted). Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Depending on the nature and extent of a defendant's contacts, if any, with a forum state, the appropriate exercise of personal jurisdiction may be either general—that is, the party is subject to any claims in that forum—or specific—that is, the party is subject only to claims arising out of its forum-related activities. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

To establish personal jurisdiction over a defendant, a plaintiff must show both that the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with federal due process requirements. *Pebble Beach Co. v.*

*Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006). California's long-arm statute is coextensive with the scope of what is permitted by due process. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (citing Cal. Civ. Proc. Code § 410.10). Constitutional due process requires that jurisdiction be exercised over a nonresident party only if that party has "minimum contacts" with the forum, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985).

## II. Discussion

For the reasons discussed below, the Court finds that there is no personal jurisdiction over Centruro and LBN.[5] The parties do not appear to dispute that neither Centruro nor LBN are subject to general jurisdiction. Accordingly, the Court only analyzes the issue of specific jurisdiction. The Ninth Circuit employs a three-prong test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted).

"If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach*, 453 F.3d at 1155 (internal quotation marks omitted). The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* The first prong may be satisfied with facts sufficient to show either "purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, 'are, in fact, two distinct concepts.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)

---

[5] Accordingly, the Court need not reach the other issues raised in the motions.

(quoting *Pebble Beach*, 453 F.3d at 1155). Courts in the Ninth Circuit "generally apply the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). "Trademark infringement is treated as tort-like for personal jurisdiction purposes," so courts focus on the purposeful direction inquiry. *See Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021).

In the purposeful direction inquiry, courts apply the "effects test," which requires proof that a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (internal quotation marks omitted). This test looks "to the defendant's contacts with the forum State itself, not the defendant's contacts with the persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). "Express aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum, because 'the plaintiff cannot be the only link between the defendant and the forum." *Ayla, LLC*, 11 F.4th at 980. "Something more—conduct directly targeting the forum—is required to confer personal jurisdiction." *Id.* (citations and internal quotations omitted).

### A. The Court Does Not Find Specific Jurisdiction Over Centruro

With regards to Centruro's activities directed at California, the FAC alleges that Plaintiffs learned Centruro had begun selling distilled spirits in California in 2020. FAC ¶ 22. Centruro also filed a lawsuit in the Eastern District of California seeking declaratory judgment and related relief regarding its usage of the "Alacran" mark. *Id.* In particular, Plaintiffs note that in Centruro's complaint, Centruro alleged that it "markets ALACRAN Mezcal and Tequila throughout the United States, including Los Angeles County, California," and that its "ALACRAN brand grew rapidly and outsold SCORPION by far in many markets including New York, Florida and is now in California and Los Angeles in particular." FAC, Ex. F ¶¶ 7, 18. However, Centruro has submitted evidence

contradicting the allegations made in their prior complaint. *See* ECF No. 58-1 ("Henkel Decl.").[6] In particular, Henkel declares that Centruro has never transacted any business in California, and that all of the business it does in the United States is through an exclusive distributor. *Id.* ¶¶ 6, 9. Henkel states that this distributor marketed and sold its products in a few states—New York, New Jersey, and Florida—but never directed any specific marketing or sales efforts towards California. *Id.* ¶ 13.[7]

Plaintiffs submit no further evidence in their opposition regarding personal jurisdiction and rely solely on Centruro's allegations in its prior lawsuit, arguing that Centruro is subject to personal jurisdiction "[a]s a result of these admissions." Centruro Opp. at 2. Although the Court acknowledges that Centruro's positions facially appear to be in conflict and that Centruro does not attempt to reconcile its prior allegations, Plaintiffs provide no authority that Centruro is bound by the allegations it previously made in an unverified complaint in a different lawsuit.[8] *See Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006) (noting that an unverified complaint could not be considered as evidence for purposes of summary judgment). Although the Court notes that this is a motion to dismiss, the allegations at issue are not Plaintiffs' allegations from their FAC, which the Court would be required to treat as true at this stage. This is more akin to the Court's judicial notice of statements that Centruro made in a prior lawsuit—in such a scenario, although it would be proper to

---

[6] The Court has considered Plaintiffs' objections to the Henkel Declaration (ECF No. 70) and Centruro's response thereto (ECF No. 85). The Court overrules Plaintiffs' objection as to the declaration in its entirety due to its format as Centuro has remedied the issue. The Court overrules Plaintiffs' remaining objections based on lack of personal knowledge and speculation as Plaintiffs have not shown that Henkel's statements could not be provided in an admissible form or are otherwise unreliable. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1111 (9th Cir. 2016).

[7] Accordingly, the Court does not find that grounds for jurisdiction exists under Federal Rule of Civil Procedure 4(k)(2), which Plaintiffs argue provides an alternative basis for jurisdiction. Centruro Opp. at 13. Rule 4(k)(2) provides jurisdiction over a properly-served defendant under federal law if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. Proc. 4(k)(2)(A). A defendant may preclude the use of Rule 4(k)(2) by naming "some other state in which the suit could proceed." *Holland America Line, Inc. v. Wartsila N.A., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007). Here, Centruro has conceded to jurisdiction in New York, making Rule 4(k)(2) inapplicable. Centruro Reply at 7.

[8] The Court notes that Plaintiffs do not make an argument that Centruro should be estopped based on its prior allegations. Regardless, it does not appear that the standard for applying judicial estoppel has been met, as there is no indication that Centruro obtained any relief in its prior lawsuit based on its allegations that it conducted business in California. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) ("Absent success in a prior proceeding, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' and thus poses little threat to judicial integrity.").

judicially notice the existence of Centruro's prior allegations, it would be improper to judicially notice those facts for the truth of the allegations. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (noting that where "a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion").

Here, the allegations from Plaintiffs' FAC do not provide any independent basis for inferring the truth of Centruro's prior allegations—particularly where Centruro has submitted evidence to the contrary.[9] But, in analyzing jurisdiction, the Court is "not bound by the pleadings," and "the party asserting jurisdiction has the burden of establishing it if his allegations are challenged in any appropriate manner." *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967). As the Ninth Circuit explained in *Taylor*, "mere allegations of the complaint, when contradicted by affidavits are [not] enough to confer personal jurisdiction of a nonresident defendant." *Id.* "In such a case, facts, not mere allegations, must be the touchstone." *Id.* Plaintiffs note that "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor," but the issue here is that Plaintiffs have not presented a conflict that does not simply rest on bare allegations. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). As Plaintiffs have provided no direct evidence that Centruro has taken acts related to the marketing and sales of its products that were expressly aimed at California, the Court cannot find the purposeful direction inquiry satisfied.

### B. The Court Does Not Find Specific Jurisdiction Over LBN

LBN has submitted evidence through the form of a declaration from its Chief Sales Officer that it has no presence, does no business, and otherwise does not sell its products through a distributor or otherwise in California. ECF No. 57-1 ("Zaragoza Decl.") ¶¶ 7, 8, 10, 11.[10] Plaintiffs argue that jurisdiction exists over LBN because it acquired Centruro's trademark rights to the "Alacran" mark in 2021, and therefore has "stepped into the shoes of Centruro." LBN Opp. at 8. In

---

[9] The Court notes that Plaintiffs do not otherwise dispute the specific statements made in the Henkel Declaration—for example, that Centruro is not licensed to sell alcohol in California, or that its distributor has no physical presence or license in California. Henkel Decl. ¶¶ 8, 12.

[10] The Court has considered Plaintiffs' objections to the Zaragoza Declaration (ECF No. 57-1) and LBN's responses thereto (ECF No. 81). For the same reasons discussed in footnote 5, *supra*, the Court overrules Plaintiffs' objections to the Zaragoza Declaration, which are all based on the form of the evidence.

9

their opposition, Plaintiffs repeat their arguments supporting specific jurisdiction over Centruro, and state that the evaluation of LBN's contacts with California should be considered in light of Centruro's contacts with California. *Id.* at 8–15. Even assuming that it would be proper to impute personal jurisdiction on LBN through its acquisition of certain rights and interests from Centruro, as discussed above, the Court does not find that Plaintiffs have sufficiently shown personal jurisdiction exists as to Centruro. Accordingly, the Court also finds a lack of personal jurisdiction over LBN.[11]

\*\*\*

As the Court finds a lack of personal jurisdiction over Centruro and LBN, the Court GRANTS the Motions to Dismiss without leave to amend.[12]

### III. Conclusion

For the foregoing reasons, the Court hereby GRANTS Defendants' Motions to Dismiss without leave to amend. ECF Nos. 57, 58.

IT IS SO ORDERED.

Dated: September 4, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[11] For the same reasons as stated in footnote 6, *supra*, the Court finds jurisdiction under Rule 4(k)(2) inapplicable to LBN. *See* LBN Reply at 6 (conceding to jurisdiction in New York).

[12] The Court notes that while it may be possible for Plaintiffs to present additional facts regarding Centruro's contacts with California to establish jurisdiction, Plaintiffs did not seek leave to amend nor offer any other evidence that would support any proposed amendments. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (noting a court need not grant leave to amend where amendment is futile).